# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0289-CVE-FHM |
| | ) |
| ANDREI IANCU, Director USPTO, | ) |
| DREW HIRSHFELD, Comm for Patents, | ) |
| USPTO, ROBIN O. EVANS, Dir, Tech Center | ) |
| 2800, USPTO, ELVIN G. ENAD, Supervisory | ) |
| Patent Examiner, Art Unit 2837, USPTO, and | ) |
| MARLON T. FLETCHER, Primary Patent | ) |
| Examiner, Art Unit 2837, USPTO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Defendant the United States of America's (USA) Motion to Dismiss (Dkt. # 14). Plaintiff alleges that five employees of the United States Patent and Trademark Office (USPTO) committed fraud and harassed him in connection with his application for a patent. He argues that the USPTO relies on junk science and "magical thinking" when making decisions on patent applications, and he states that "[i]t has become so blatant for so long that clearly neither the USPTO, nor the Patent Trial and Appeal Board (PTAB), nor the Department of Commerce Office of Inspector General can be trusted to ensure professional scientific, engineering and mathematical standards, ethics and behavior." Dkt. # 1, at 11. Defendant USA has filed a motion to dismiss (Dkt. # 14) asserting that the Court lacks subject matter jurisdiction over this case and that plaintiff has failed to properly serve defendants. Plaintiff is proceeding pro se and, consistent with Supreme

Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

**I.**

On May 28, 2019, plaintiff filed a complaint (Dkt. # 1) alleging that five employees of the USPTO violated numerous civil and criminal laws in connection with the denial of his application for a patent. Plaintiff states that he filed a patent application and paid the filing fee, but certain documents were missing from his application. Dkt. # 1, at 6. Plaintiff supplied the missing forms or documents, and it appears that he disagreed with the advice given to him by employees of the USPTO. Id. at 7. Plaintiff states that his patent application was denied, in part, "on the basis of false interpretation of prior art." Id. at 9. Plaintiff asked to have the patent examiner assigned to his application removed, but his request was denied and he was advised to appeal the denial of his patent application to the PTAB. Id. at 9-10. Plaintiff believed that any appeal to the PTAB would have been untimely and he threatened to file a civil lawsuit if he was not treated fairly by the USPTO. Id. at 10.

Plaintiff filed this lawsuit alleging claims against the patent examiner, Marlon T. Fletcher, and other employees of the USPTO who allegedly failed to properly supervise Fletcher. Plaintiff claims that defendants committed mail and wire fraud, engaged in a racketeering conspiracy, made false statements and falsified records, and violated his rights under the Equal Protection Clause. Id. at 4. He asks the Court to exercise "original jurisdiction over executive branch agencies," and he asserts that the Court has federal question jurisdiction over a "Bivens negligence suit." Id. Plaintiff seeks injunctive relief, inter alia, preventing the USPTO from relying on "junk science" and asking that the USPTO cease and desist from requiring patent applicants to submit unnecessary paperwork.

Id. at 20. He is also asking the Court to compel the USPTO to adopt new procedures for the review of patent applications and to issue an opinion recommending that Congress open an investigation into the practices of the USPTO. Id. at 21.

## II.

Defendant USA argues that the Court lacks subject matter jurisdiction over plaintiff's claim, because he has filed his claims in the wrong court and defendants have sovereign immunity from suit from any tort claims asserted by plaintiff. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

In this case, defendant does not present evidence outside of the pleadings and the Court must accept the well-pleaded allegations of the complaint as true. Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005); Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

**III.**

Defendant USA argues that the Court lacks subject matter jurisdiction over this case, because federal district courts do not generally have jurisdiction over claims concerning the denial of a patent application. Defendant USA argues that plaintiff was obligated to appeal the denial of his patent application to the PTAB and, if he was dissatisfied with the PTAB's decision, he could seek judicial review in the United States Court of Appeals for the Federal Circuit or the United States District Court for the Eastern District of Virginia. Dkt. # 14, at 6. To the extent that plaintiff could be alleging fraud or other tort claims, defendant argues that plaintiff did not present notice of his claims to the appropriate federal agency before filing suit and, even if he had, many of his tort claims would still be barred. Id. at 8-9. Finally, defendant claims that all defendants were not properly served under Fed. R. Civ. P. 4(i). Id. at 10-11.

Defendant USA argues that plaintiff uses language such as "fraud," "fraudulent," or "false statements" to describe his claims, but this case essentially concerns a dispute over the USPTO's rejection of plaintiff's application of a patent. Dkt. # 14, at 5. Under 35 U.S.C. § 134, "[a]n applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the [PTAB] . . . ." The final decision of the PTAB may be appealed to the United States Court of Appeals for the Federal Circuit, or the applicant may file a civil action in the United States District Court for the Eastern District of Virginia. 35 U.S.C. § 141; 35 U.S.C. § 145. A patent applicant must exhaust all administrative remedies, including appeals to the PTAB, before seeking judicial review of the denial of a patent application, and the exhaustion requirement also applies to constitutional claims arising out of the patent application process. Cooper v. Lee, 86 F. Supp. 3d 480, 484 (E.D. Va. 2015). Plaintiff has styled his claims as "fraud" or negligence, but

all his potential claims derive from the alleged mishandling and improper denial of his patent application. Plaintiff admits that he did not file an appeal to the PTAB and, even if he had, this is not the proper court to seek judicial review of the denial of a patent application. Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies and for being filed in a court without jurisdiction over his claims.

To the extent that plaintiff may be alleging tort claims, defendant USA argues that plaintiff did not present notice of his tort claims to the appropriate federal agency before filing suit. The United States generally has sovereign immunity from suit, but the Federal Tort Claims Act, 28 U.S.C. 1346(b)(1) (FTCA), provides a waiver of sovereign immunity for certain claims against the United States and its employees. Federal courts have jurisdiction over "claims against the United States, for money damages . . ., for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment . . . ." 28 U.S.C. §1346(b)(1). However, there are certain procedural requirements that must be satisfied before a tort claim can be brought against the United States and its employees. Before filing suit, a plaintiff must "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," and a claim will be deemed denied if the agency does not respond to the claim within six months. 28 U.S.C. § 2675(a). To proceed with tort claims against the USPTO, an aggrieved patent claimant must present notice of his tort claims to the Office of General Counsel for the USPTO, and it is not sufficient to mention such claims in communications with the USPTO. Swartz v. Matal, 2017 WL 3611715 (E.D. Va. Aug. 22, 2017) (unpublished). Defendant argues that plaintiff did not present a tort claim to the Office of General Counsel of the

5

USPTO before filing this case, and plaintiff has failed to respond to this argument. The Court has reviewed the complaint and plaintiff could be asserting fraud and negligence claims against defendants. These would be tort claims that could be filed against employees of the United States only if plaintiff can show that sovereign immunity has been waived. Dkt. # 1, at 4. Plaintiff does not offer any argument suggesting that he presented a notice of tort claim before filing suit, and defendants have sovereign immunity from any tort claims due to plaintiff's failure to comply with the procedural requirements of the FTCA.

Broadly construing plaintiff's complaint, it is also possible that he intends to allege constitutional claims under the Fifth Amendment for violations of his right to due process or equal protection.[1] It appears that plaintiff's equal protection claim is based on an alleged disparity in the treatment of patent applicants with and without an attorney, and he claims that the "USPTO has attempted to deny the Plaintiff the same right to file multiple independent claims that it allows to those with patent attorneys." Dkt. # 1, at 18-19. However, pro se litigants are not a protected class for the purpose of an equal protection claim. Svatovic v. United States Patent and Trademark Office, 2013 WL 4792837, *3 (S.D.N.Y. Sep. 9, 2019) (unpublished); Chapman v. Barcus, 2009 WL 57092, *6 (N.D. Okla. Jan. 7, 2009) (unpublished). Broadly construing plaintiff's complaint, he could also be alleging that his right to procedural due process was violated by the patent application process. See Dkt. # 1, at 20. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Lawrence v. Reed, 406 F.3d 1224, 1233 (10th Cir. 2005). Plaintiff has provided a list of his interactions with the USPTO during the patent application

---

[1] The Fifth Amendment does not contain an equal protection clause, but the Equal Protection Clause of the Fourteenth Amendment has been incorporated against the federal government. Bolling v. Sharpe, 347 U.S. 497 (1954).

6

process, and it is apparent that he had numerous opportunities to communicate with the patent examiner and advocate for the issuance of a patent. Dkt. # 1, at 6-10. Plaintiff could be arguing that the patent application process is too complex and that too much procedure is required in order to obtain a patent, but he has cited no authority suggesting that a person's right to procedural due process could be violated by too much procedure. Plaintiff had an opportunity to be heard and he failed to take advantage of the opportunity to have his patent application reviewed by the PTAB, and there is no possibility that plaintiff could succeed on a claim for procedural due process.

Defendant USA also argues that plaintiff has failed to properly serve all defendants in compliance with Fed. R. Civ. P. 4(i). Each defendant is an employee of the USPTO and plaintiff has sued them for actions taken on behalf of the USPTO. Rule 4(i)(3) states that, "[t]o serve a United States Officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States's behalf, . . . a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Further, "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . ." Fed. R. Civ. P. 4(i)(1). Serving the United States and its employees can be complex and the Court must grant an extension of time to cure improper service if such an extension is requested. Fed. R. Civ. P. 4(i)(4); Ennis v. Donahoe, 2014 WL 69877 (N.D. Okla. Jan. 9, 2014) (unpublished). However, plaintiff has filed numerous documents since the motion to dismiss was filed, and none of these documents contains any statement that could be construed as a request for

additional time to properly serve defendants. Dkt. ## 16, 17, 18, 19, 20. Defendant USA states that plaintiff sent a copy of the complaint to the USPTO and the Solicitor General by certified mail, but plaintiff has not served a copy of the complaint on the United States Attorney or the Attorney General. Dkt. # 14, at 11. In addition, plaintiff has not served a summons on any of the named defendants. Defendants have not been properly served under Rule 4(i) and plaintiff has not requested additional time to cure his failure to serve defendants. Plaintiff's failure to properly serve defendants is an additional reason for the dismissal of his claims.

**IT IS THEREFORE ORDERED** that Defendant the United States of America's Motion to Dismiss (Dkt. # 14) is **granted**, and plaintiff's claims are **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Dkt. # 3), motion to withdraw documents (Dkt. # 10), and motion for order to show cause (Dkt. # 17) are **moot**.

**DATED** this 22nd day of October, 2019.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE